UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cr-00380-SRC-PLC ) |
| SONNY SAGGAR, M.D., and RENITA BARRINGER, | ) ) ) ) |
| Defendants. | ) ) ) |

**<u>PROTECTIVE ORDER</u>**

Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d), upon motion of the United States, and finding good cause shown, the Court enters this Protective Order for the purpose of assuring the confidentiality of discovery materials disclosed by the United States to the Defendants and their counsel in this case during the course of discovery.

IT IS ORDERED, ADJUDGED, AND DECREED that the following procedures will govern the production and/or use of discovery materials that are disclosed in this case:

1. This Protective Order governs the treatment and handling of all information, material, and documents produced by the United States to the Defendants or their counsel during the discovery proceedings in accordance with the Federal Rules of Criminal Procedure or any order of the Court in this matter.

2. Discovery materials may be used by Defendants and their counsel only for purposes related to this action and for no other purpose, under the restrictions set out in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall Defendants or their counsel disclose discovery materials to persons or entities other

than the following (subsections (c) through (h) comprising the "Defense Team"):

    a.    The Court and Court Personnel;

    b.    Government Counsel;

    c.    Counsel for Defendants;

    d.    Defendants;

    e.    Secretarial, clerical, paralegal, investigator, students, or other personnel employed full-time or part-time by Defendants' counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

    f.    Experts or consultants who have been retained by Defendants for the purpose of assisting to conduct these actions or who are being considered as personnel who may provide services to assist in the defense of this litigation;

    g.    Electronic discovery vendors engaged to host discovery materials for any party hereto;

    h.    Fact witnesses at trial or in preparation for their testimony, provided that Defendants' counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order; and

    i.    Other persons, upon order of this Court or upon stipulation by the United States and any affected Defendant whose privacy rights may be implicated.

3.    Counsel for Defendants shall inform all persons or entities that are part of the Defense Team to whom disclosure is made of the requirements under this Protective Order and shall obtain a written acknowledgement from such persons or entities that they understand and will comply fully with the Protective Order.

4.      All information, material, and documents disclosed during the discovery proceedings is subject to the provisions of this Protective Order unless the Parties otherwise agree by written stipulation.

5.      In the event that counsel for any party determines to file with or submit to this Court—by way of pleadings, motions, briefs, or other papers or submissions—any information, material or documents subject to this Protective Order, such counsel must make a motion in accordance with U.S. District Court-EDMO Local Rules 83-13.05 for permission from the Court to file or submit such material under seal.

6.      If any party objects to the designation of any information, material, or document as subject to this Protective Order, the objecting party may notify the designating party in writing at any time, but no later than twenty-one (21) days before the date of trial. Within ten (10) days after service of any such notice, and after consultation and a good-faith effort to resolve the disagreement with the other parties, either the designating or the objecting party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as subject to this Protective Order, and notice of such application shall be provided to the party. Until this Court enters an order determining the status of the material being objected to, such material shall be treated as protected as provided in this Order, unless the parties otherwise agree by written stipulation.

7.      The United States does not waive any privilege or protection, including but not limited to the attorney-client privilege and the work-product doctrine, over the information, material, and documents disclosed in this matter.  Fed. R. Evid. 502(d), (e), (g).  The parties shall follow Federal Rule of Criminal Procedure 16 in dealing with any privileged materials produced in discovery.

8.     Within three (3) months of the conclusion of this litigation (which shall be the latest of: (1) the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals; or (2) the date of disposition of all motions for post-conviction relief, including any statutory *habeas corpus* motion made pursuant to Title 28, United States Code, Section 2255), Defendants shall either return or destroy all discovery materials subject to this Protective Order and all copies thereof.  Copies of the discovery materials that contain markings constituting attorney work-product need not be returned or destroyed but remain subject to the provisions of this Protective Order.  All discovery materials shall be kept in the possession of the party to whom they were produced, except in the limited circumstances described above.

9.     Documents, information, or material that are inadvertently disclosed may be retrieved by the United States at any time.  Upon notice that the United States seeks retrieval, such documents, information, or material must be treated as if subject to this Protective Order and may only be used for the purposes and in the manner permitted by this Order.

10.    This Order shall not prejudice in any way the right of any party to seek a Court determination: (i) whether discovery material should be produced, or (ii) if produced, whether such material should be subject to the terms of this Order.  Nor shall this order prejudice in any way the right of any party to apply to the Court for a further protective order relating to any confidential material or information.  This Order also shall not be construed as one that limits any party's right to conduct a review of or to secure the production of information, materials, or documents.

11.    This Order may be modified if the parties to this Order agree to such modification or if such modification is ordered by the Court.

12. Any party may at any time move, upon notice to all parties, for modification of, or other relief from, this Order.

**SO ORDERED:**

Dated this  7th  day of August, 2023.

*Patricia L. Cohen*
HONORABLE PATRICIA L. COHEN
United States Magistrate Judge