UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cr-00380-SRC |
| | ) | |
| SONNY SAGGAR and | ) | |
| RENITA BARRINGER, | ) | |
| | ) | |
| Defendants. | ) | |

## Order

Defendants Sonny Saggar and Renita Barringer move to strike two paragraphs from the indictment, doc. 47, and to dismiss the indictment based on the Court's alleged lack of jurisdiction, doc. 49.  The Court referred both pretrial motions to United States Magistrate Judge Patricia L. Cohen pursuant to 28 U.S.C. § 636(b).  The parties agreed that because the two motions pertain to questions of law and not questions of fact, that an evidentiary hearing was not necessary.  *See* doc. 64 at 12; [1] doc. 65 at 5; doc. 67 at 15; doc. 68 at 7.  On December 20, 2023, Judge Cohen issued a Report and Recommendation recommending that the Court deny both motions.  Doc. 80.  On January 2, 2024, Defendants filed objections to Judge Cohen's R&R. Docs. 83–84.

## I.    Background

Defendants face a nine-count indictment charging them with one count of conspiracy and eight counts of making false statements related to health-care matters.  Docs. 1–2.  According to the indictment, the conspiracy charge stems from Defendants and others allegedly conspiring to make false and fraudulent representations to Medicare and Medicaid regarding health-care

---

[1] The Court cites to page numbers as assigned by CM/ECF.

services provided to make money and profit.  Doc. 2 at ¶ 26.  The eight counts of making false statements related to health-care matters stem from Defendants and others allegedly falsely stating and representing in claims for payments that Saggar rendered services when, in fact, individuals whose services are not reimbursable by the Medicare and Missouri Medicaid programs rendered the services.  *Id.* at ¶ 42.

## II.   Standard

When a party objects to a magistrate judge's R&R, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).  In making its de novo determination, the Court reviewed the record related to Defendants' motions.  Docs. 47, 49, 64–65, 67–68, 80, 83–84, 91–92, 101, 104.

## III.   Discussion

### A.   Defendants' motion to dismiss the indictment based on the Court's lack of jurisdiction

Defendants argue that the Court lacks jurisdiction over the indictment "due to the misapplication of the Fifth Amendment grand jury mandate."  Doc. 49 at 1.  More specifically, Defendants assert that the United States violated their Fifth Amendment right to a grand-jury indictment of a criminal charge, because Founding-era judges "rejected the idea that criminal charges required only . . . probable cause" and instead instructed "grand juries that they could only indict under a much higher standard."  *Id.* at 4.  Defendants further state the United States Supreme Court has never actually held that probable cause is the standard for grand-jury

indictments and that "modern courts have simply assumed that [probable cause is] the standard." *Id.* at 2.

In her R&R, Judge Cohen found unpersuasive Defendants' argument that courts only use a probable-cause standard of proof based on, in essence, unwarranted assumptions rather than reliance on United States Supreme Court precedent unpersuasive and rejected Defendants' invitation to abandon the probable-cause standard. Doc. 80 at 12–13. Judge Cohen explained that in *Beavers v. Henkel,* 194 U.S. 73, 83–85 (1904), the Supreme Court considered the Fifth Amendment's grand-jury clause and William Blackstone's stance on the quantum of proof necessary for a grand-jury indictment and concluded that probable cause is the applicable standard. *Id.* at 13.

Defendants objected to Judge Cohen's finding that prior Supreme Court cases were more than dicta, and thus controlling. Doc. 84 at 2. Defendants claim that neither *Beavers* nor any other Supreme Court case has addressed the actual question of what the proper grand-jury standard of proof is. *Id.* at 12.

In response, the United States argues that the Supreme Court itself has repeatedly described the standard for return of grand-jury indictments as probable cause, and that the magistrate judge properly concluded, "this Court is bound by the Supreme Court's holding that a grand jury may issue an indictment only upon a finding of probable cause." Doc. 92 at 2 (citing doc. 80 at 15). The United States further argues that Defendants erroneously characterized the reasoning of the Supreme Court in *Beavers,* as "simply assum[ing] the probable cause standard without any discussion at all, notwithstanding that Blackstone articulated a standard higher than probable cause," i.e., "thoroughly persuaded of the truth." Doc. 92 at 2–3 (citing doc. 84 at 5). The United States claims that "Defendants ignore the Supreme Court's express acknowledgment

3

and interpretation of Blackstone's standard not as one higher than probable cause, but as synonymous with probable cause." Doc. 92 at 2.

Defendants disagree. In their replies, Defendants concede that *Beavers* quotes Blackstone but argue that the Supreme Court gave Blackstone's position on the grand jury's standard of proof "no attention whatsoever." Doc. 101 at 3; doc. 104 at 3. Defendants further argue that *Beavers* does not comment on Blackstone's "thoroughly persuaded" standard and that "it does not offer opposing sources because determining whether the stand of proof is merely probable cause or something greater, was unnecessary to its holding that an indictment (based at least on probable cause) is sufficient evidence for removal." Doc. 101 at 3; doc. 104 at 3–4.

As the Supreme Court states, it "has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014) (citing *Costello v. United States*, 350 U.S. 359, 362 (1956)). "The grand jury gets to say . . . whether probable cause exists to think that a person committed a crime." *Id.* The Supreme Court has reiterated this standard. *See Ex parte United States*, 287 U.S. 241, 250 (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." (citations omitted)); *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) ("the Court has held that an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause" (citations omitted)); *United States v. Calandra*, 414 U.S. 338, 343 (1974) ("The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of

citizens against unfounded criminal prosecutions."(citations omitted)); *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972) (recognizing "the ancient role of the grand jury that has the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions").

The Supreme Court's repeated reference to the standard over the past century leaves the Court firmly convinced that the probable-cause standard is deeply rooted in our nation's history and tradition, and indeed is what the Fifth Amendment requires, and nothing more. The Court accordingly declines to abandon the probable-cause standard and agrees with Judge Cohen's recommendation to deny Defendants' Motion to Dismiss, doc. 49.

### B.   Defendants' motion to strike

Under Federal Rule of Criminal Procedure 7(d), Defendants move the Court to strike indictment paragraphs 10 and 32, which reference and rely upon 20 C.S.R. § 2150-2.240(1)(D). Doc. 47. Defendants assert that the paragraphs are irrelevant to the indictment because 20 C.S.R. § 2150-2.240(1)(D)'s definition of "continuously present" impermissibly expands and modifies Mo. Rev. Stat. § 334.037, the statute governing collaborative practice agreements with assistant physicians, and, thus, "is null and void." *Id.* at 3, 10.

The United States argues that the Court need not address 20 C.S.R. § 2150-2.240(1)(D)'s validity "because its relevance to the federal criminal charges at issue in this case is unrelated to whether it was properly promulgated." Doc. 64 at 5. Even if the Court were to reach the matter of validity, the United States says the Court should deny Defendants' motion to strike because the Missouri Board of Registration for the Healing Arts properly exercised its delegated authority to promulgate 20 C.S.R. § 2150-2.240(1)(D), a valid regulation under Missouri law. *Id.* at 9–11.

In their reply, Defendants argue that the invalidity of the regulation is highly relevant. Doc. 68 at 1–2. Defendants point to *United States v. Morales*: "a motion to strike surplusage from an indictment may be granted 'where it is clear [that] the allegations contained therein are not relevant to the charge made **or** contain inflammatory and prejudicial matter.'" *Id.* at 7 (alterations in original) (quoting *Morales*, 813 F.3d 1058, 1066 (8th Cir. 2016)). Defendants claim that "[a]n invalid regulation has to be irrelevant, and allegations of violating an invalid regulation have to be prejudicial." *Id.* Defendants argue that paragraphs 10 and 32 are the "very definition of 'surplusage'" under the federal rules and that the Court should strike both paragraphs from the Indictment. *Id.*

In her R&R, Judge Cohen points out that Defendants cite to no authority that supports the proposition that a Rule 7(d) motion requires the Court to determine the validity of regulations referenced in an indictment. Doc. 80 at 5. Accordingly, Judge Cohen declined to recommend striking paragraphs 10 and 32 on the basis that the regulation referenced in the sections are allegedly "null and void." *Id.* at 7. Judge Cohen also concluded that Defendants have failed to demonstrate that the paragraphs at issue constitute irrelevant, inflammatory, or prejudicial material that should be struck pursuant to Rule 7(d). *Id.* at 9.

Defendants object to the conclusions in the R&R. Doc. 83. Defendants reiterate their argument that the regulation is null and void and cannot have any relevance to any indictment, let alone the specific allegations in this case. *Id.* at 4. Moreover, Defendants say that "it is highly unfair and prejudicial to rely on a regulation that is null and void and that sets forth requirements that do not in fact exist." *Id.* Defendants claim that Rule 7(d) provides no limitation as to what type of surplusage can be challenged. *Id.* Defendants contend that the paragraphs should be stricken from the indictment and that the "irrelevant, inaccurate[,] and

inflammatory allegations set out in those paragraphs infringe on Defendants' most fundamental rights to a fair trial." *Id.*

The United States argues that the Court should adopt Judge Cohen's R&R in its entirety. Doc. 91 at 13. The United States agrees with Judge Cohen that the validity of a regulation is not an appropriate basis for a motion to strike surplusage. *Id.* at 5–6. The United States also reiterates its previous arguments that the relevance of 20 C.S.R. § 2150-2.240(1)(D) to this case has nothing to do with its validity under state law and that the MBRHA properly exercised its delegated authority to promulgate 20 C.S.R. § 2150-2.240(1)(D), a valid regulation under Missouri law. *Id.* at 6–12.

Rule 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." "A motion to strike surplusage from an indictment is a matter within the discretion of the district court." *Morales*, 813 F.3d at 1066 (citing *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). "A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). "[L]egally relevant information is not surplusage. . . . Consequently, due to the exacting standard, motions to strike information as surplusage are rarely granted." *United States v. Bucey*, 691 F. Supp. 1077, 1081 (N.D. Ill. 1988). "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be[.]" *United States v. Palmer*, No. 4:13 CR 338 RWS, 2014 WL 2217314, at *2 (E.D. Mo. May 29, 2014) (alternation in original) (citing *United States v. Climatemp, Inc.*, 482 F. Supp. 376, 391 (N.D. Ill. 1979), *aff'd sub nom.*, *United States v.*

*Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir. 1983)).  Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."

The Court agrees with Judge Cohen's conclusion and declines to strike paragraphs 10 and 32.  The Court need not determine the validity of regulations referenced in an indictment at this stage in the proceedings.   Judge Cohen correctly concluded that Defendants have failed to demonstrate that the paragraphs at issue constitute irrelevant, inflammatory, or prejudicial material that should be struck.  Thus, the Court denies Defendants' Motion to Strike, doc. 47.

**IV.    Conclusion**

The Court sustains, adopts, and incorporates United States Magistrate Judge Patricia L. Cohen's [80] Report and Recommendation, and denies Defendants' [49] Motion to Dismiss and [47] Motion to Strike.

So ordered this 28th day of May 2024.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

8